UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:25-cv-24145-JB

ALBION BRAND FOUNDRY LTD.,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

Defendants.

---

**DEFENDANTS SUSENSTONE (DOE 23) AND LOK COLOR (DOE 33)'S MOTION TO VACATE CLERK'S DEFAULT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants SUSENSTONE (Doe 23) and LOK Color (Doe 33) (collectively "Movants"), by and through undersigned counsel, respectfully move this Court (1) to set aside the Clerk's entry of default that may have been entered against them, and (2) to dismiss them from this action for lack of personal jurisdiction. In support thereof, Movants state:

**I. INTRODUCTION AND PROCEDURAL BACKGROUND**

1. On September 11, 2025, Plaintiff filed this Schedule A counterfeit/trademark infringement action against hundreds of online sellers, including Movants.

2. Plaintiff effected service on Movants solely by email pursuant to an order granting alternative service.

3. Because Movants are located in mainland China, speak only Mandarin, and had extreme difficulty locating U.S. counsel experienced in intellectual-property litigation, they inadvertently missed the deadline to respond to the Complaint.

4. On November 28, 2025, undersigned counsel entered an appearance on behalf of both Movants (DE 35).

5. Clerk's default was entered against Movants on Nov. 13, 2025. *See* Dkt. #29.

6. Plaintiff has indicated it opposes the relief requested herein.

**II. THE CLERK'S DEFAULT SHOULD BE SET ASIDE FOR GOOD CAUSE**

7. Fed. R. Civ. P. 55(c) permits the Court to set aside an entry of default for "good cause." The Eleventh Circuit favors deciding cases on the merits and instructs district courts to consider (i) whether the default was culpable or willful, (ii) whether setting it aside would prejudice the adversary, and (iii) whether the defaulting party presents a meritorious defense. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996).

8. **No willful or culpable conduct.** Movants are small Chinese merchants with no employees or offices in the United States. They speak no English. Upon receiving the English-language Complaint by email, they immediately began searching for Mandarin-speaking U.S. counsel, a process that proved far more difficult and time-consuming than anticipated. This constitutes excusable neglect, not willful disregard of the Court's processes.

9. **No prejudice to Plaintiff.** Plaintiff will suffer no cognizable prejudice from allowing Movants to defend on the merits. Discovery has not yet begun, and no schedule has been disrupted.

10. Meritorious defenses exist. As set forth more fully below and in the Declarations to be filed, Movants have never shipped any product to Florida, have no offices or employees in Florida, and made no sales in Florida. They therefore have an absolute defense of lack of personal jurisdiction. They also assert that any alleged infringement was not willful because they listed products on Walmart.com only after Walmart's platform permitted them to do so, and they had no knowledge that additional authorization from Plaintiff was required.

11. Good cause therefore exists to set aside any Clerk's default.

### III. THIS COURT LACKS PERSONAL JURISDICTION OVER MOVANTS

12. Plaintiff bears the initial burden of alleging sufficient facts to make out a prima facie case of jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir.2009). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990). Movants will submit affidavit in support of this Motion.

13. Movants will submit sworn Declarations establishing the following uncontroverted facts:

  - Both Movants are individuals residing in mainland China.

  - Neither Movant has ever maintained an office, warehouse, employee, or agent in Florida or anywhere in the United States.

  - Neither Movant has ever shipped any product directly to any customer in Florida.

- Neither Movant has ever targeted advertising to Florida residents.

- Any sales that may have occurred through Walmart.com were fulfilled exclusively by Walmart from warehouses located outside Florida; Movants never controlled the destination of any shipment.

14. Because Movants have no offices, employees, shipments, or targeted sales in Florida, this Court lacks personal jurisdiction over them. They must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**IV. CONCLUSION AND REQUESTED RELIEF**

For the foregoing reasons, Movants respectfully request that the Court:

A. Vacate any Clerk's default that may have been entered against SUSENSTONE (Doe 23) and LOK Color (Doe 33);

B. Grant such other and further relief as the Court deems just and proper.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Undersigned counsel certifies that he conferred with Plaintiff's counsel on December 3, 2025, and Plaintiff opposes the relief requested in this motion.

Dated: December 4, 2025

                                            Respectfully submitted,

                                            /s/ Jianyin Liu
                                            Jianyin Liu, Esq.
                                            Florida Bar No. 1007675
                                            Law Offices of James Liu, PLLC

        15750 SW 92nd Ave, Unit 20C  
        Palmetto Bay, FL 33157  
        Tel: (305) 209-6188  
        Email: jamesliulaw@gmail.com

        Attorney for Defendants  
        SUSENSTONE (Doe 23) and  
        LOK Color (Doe 33)

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 4, 2025, a true and correct copy of the foregoing was filed via CM/ECF, which will send notice to all counsel of record.

        /s/ Jianyin Liu