## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-cv-24145-JB

ALBION BRAND FOUNDRY LTD,

     Plaintiff,

   v.

The Partnerships, Unincorporated Associations Identified
on Schedule A,

        Defendants.

_____ /

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO CERTAIN DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 55(a), 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff, by and through its undersigned counsel, respectfully moves the Court for an entry of default and/or entry of final judgment against certain Defendants identified on Schedule A to the Complaint, Defendants Nos. 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 15, 16, 17, 18, 19, 20, 22, 24, 25, 27, 28, 29, 30, 31, 32, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48 and 50, (40 remaining Defendants, collectively "Defaulting Defendants")[1].

Because there are no allegations of joint liability or possibility of inconsistent liability between Defaulting Defendants as discussed herein, Plaintiff now moves for entry of a final default judgment against Defaulting Defendants.

### INTRODUCTION

Plaintiff filed its Complaint against Defendants for infringement on the BESTSKY trademark on September 11, 2025. [DE 1]. The Complaint alleges that Defendants created

---

[1] Defendants who have been dismissed, settled, or appeared through counsel are excluded from the Schedule A of Defaulting Defendants attached hereto, specially, Def. Nos. 1, 10, 14, 21, 23, 26, 33, 36, 46, 49.

numerous e-commerce stores that are advertising, offering for sale, and selling infringing and counterfeit BESTSKY products to unknowing consumers. *Id.* ¶2.

The time allowed for Defaulting Defendants to respond to the Complaint has expired. [DE 18]. Defaulting Defendants have not been granted any extension of time to respond, nor have they filed Answer or other responsive pleadings. *See* Decl. of Palmer, ¶6, attached hereto as **Exhibit 1**. The prerequisites for a default judgment have been met. Plaintiff therefore seeks default judgment, finding Defaulting Defendants liable for trademark infringement.

**STATEMENT OF FACTS**

**Plaintiff's Rights**

Plaintiff is the owner of all rights, title and interest in the BESTSKY trademark, U.S. Trademark Registration No. 6,746,488. *See* DE 1-1. The registration is valid, subsisting, unrevoked, unchallenged and uncancelled. DE 1, ¶8. The registration for the BESTSKY trademark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the BESTSKY trademark pursuant to 15 U.S.C. §1057(b). *Id.*

Plaintiff has licensed and authorized e-commerce merchants to promote, market, and sell a range of toys, infant toys, dolls, toy vehicles, exercise equipment, body-building apparatus, athletic supporters, and related products in International Class 28 under its BESTSKY mark. These goods are offered through selected third-party e-commerce platforms, including Walmart.com. The BESTSKY mark enjoys broad promotion throughout the United States and worldwide, and merchandise sold under the BESTSKY mark has generated substantial sales and revenue. *Id.* ¶9.

Plaintiff's BESTSKY mark embodies innovative design and serves as a symbol of quality, reputation, and goodwill. Plaintiff has invested substantial resources in licensing, advertising, and

promoting the BESTSKY mark. Defendants have never been authorized to use the BESTSKY mark. *Id*. ¶11.

## Defendants' Infringing Acts

As alleged by Plaintiff, established by the evidence presented herein and admitted by default, Defaulting Defendants own, operate, or control the interactive, commercial Internet websites and supporting domains operating under the domain names identified on Schedule A. Thus, Defaulting Defendants are the active, conscious, and dominant forces behind promotion, advertisement, distribution, offering for sale, and/or sale of goods bearing and/or using the BESTSKY mark. *See* DE 1, ¶¶ 24-25; *see also* Decl. of Zhang, DE 7-3, ¶¶ 11-14.

Further, as admitted by Defaulting Defendants through default, at all times relevant, Defaulting Defendants have had knowledge of Plaintiff's ownership of the BESTSKY mark, including its exclusive right to use and license the BESTSKY mark and the goodwill associated with the trademark. *See* DE 1, ¶¶ 24-25; DE 7-3, ¶¶19-22.

Defaulting Defendants do not have, nor have they ever had, the right or authority to use the BESTSKY mark. *See* DE 7-3, ¶¶12-13. Nonetheless, Defaulting Defendants engaged in the activity of advertising, offering for sale, selling, and distributing their goods bearing and/or using the BESTSKY mark via their Internet websites operating under their Seller Aliases. *Id*. ¶¶15-17.

The evidence gathered by the Plaintiff through its investigation clearly shows that Defaulting Defendants are engaged in the fraudulent promotion, advertisement, distribution, offering for sale, and sale of goods that either bear or use counterfeits and/or infringements of the BESTSKY mark. *See* Infringing Evidence, DE 7-4, 7-5 and 7-6. Plaintiff personally conducted a review and visual examination of Defaulting Defendants' websites, including captures of web pages displaying various products at retail stores that utilize the BESTSKY mark on e-commerce

stores operated under the Seller Aliases. DE 7-3, ¶11. As a result of Plaintiff's investigation, it was concluded that the operations of Defendants' e-commerce stores involve unauthorized versions of BESTSKY products. *Id*.

## PROCEDURAL HISTORY

On September 11, 2025, Plaintiff filed its Complaint to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's BESTSKY trademark, U.S. Trademark Registration No. 6,746,488. *See* DE 1, ¶1.

On October 22, 2025, pursuant to the Court's Order [DE 14] authorizing alternative service by email, Plaintiff sent an email to all Defendants identified in Schedule A, using the email addresses provided by third-party e-commerce platforms, which included the Complaint [DE 1], the TRO Motion [DE 7], the sealed TRO Order [DE 16], the Summons [DE 17], and a link to all relevant documents: https://cloud.palmerlawgroup.com/index.php/s/UQV6NbCEwQHZOuY. [DE 18].

The time allowed for Defaulting Defendants to respond to the Complaint has expired. *See* Decl. of Palmer, Ex. 1, ¶5. The Defaulting Defendants have not filed any responsive pleadings to the Complaint. *Id*. ¶6. They have not been granted any extension of time to respond to the Complaint. *Id*. Additionally, no counsel has filed a Notice of Appearance on their behalf, and they have not entered a formal appearance *pro se*. *Id*. To Plaintiff's knowledge, none of Defaulting Defendants are infants or incompetent persons, and upon information and belief, the Servicemembers Civil Relief Act does not apply. *Id*. ¶7.

Plaintiff is not seeking default judgment against the following Defendants who have either been dismissed from the case, have reached settlement, or have appeared through counsel. *Id*. ¶8.

**ARGUMENT**

A. **Default Judgment Should be Entered Against Defaulting Defendants**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a) – (b) and 28 U.S.C. § 1331. DE 1, at ¶ 4. This Court has personal jurisdiction over Defendants and venue is proper under 28 U.S.C. § 1391, as Defendants have directed their infringing activities toward consumers within this district through the use of interactive, commercial e-commerce websites and supporting domains operating under their Seller Aliases. DE 1, ¶¶ 5-6.

1. *Default Judgment is Proper*

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint because a "defendant, by his default, admits the Plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established". *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc*., 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *See also PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D.Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). Therefore, Defaulting Defendants are deemed to have admitted all of Plaintiff's sufficiently pled allegations in the Complaint.

In the present case, the Complaint [DE 1], along with the Declaration of Zhang, [DE 7-3] and the Declaration of Palmer, attached hereto as Exhibit 1, clearly support that default judgment should be entered against Defaulting Defendants pursuant to Fed. R. Civ. P. 55.

2.  *Factual Allegations Establish Defaulting Defendants' Liability*

Count One of the Complaint alleges that Defaulting Defendants infringed on Plaintiff's federally registered trademark in violation of 15 U.S.C. § 1114. The statutory provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(A).

Courts have interpreted this language to require that a plaintiff demonstrate a successful trademark infringement claim under Section 32 of the Lanham Act by establishing that: (1) a plaintiff had prior rights to the trademarks at issue, and (2) the defendants adopted a mark or name that was the same, or confusingly similar to the plaintiff's mark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

Count Two of the Complaint alleges that Defaulting Defendants violated Section 43(a) of the Lanham Act for false designation of origin. The statutory language provides that Plaintiff must prove that Defaulting Defendants used Plaintiff's Mark "in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association" of Defaulting Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defaulting Defendants' goods by Plaintiff. 15 U.S.C. § 1125(a)(1). As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is "whether the public is likely to be deceived or confused by the similarity of the marks at issue." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S. Ct. 2753, 2763 (1992).

The facts detailed in the Complaint [DE 1], specifically through Paragraphs 7-25, adequately set forth the elements required for each of the causes of action. Furthermore, the supporting Declarations of Palmer [DE 7-2] and Zhang [DE 7-3], along with the infringing evidence [DE 7-4, 7-5 and 7-6], substantiate the factual allegations. This allows the Court to conclude that Defaulting Defendants are liable for trademark infringement and false designation of origin as alleged. Therefore, Default Judgment should be entered against Defaulting Defendants pursuant to Fed. R. Civ. P. 55.

**B.**  **Plaintiff is Entitled to Relief**

*1.*  *Conversion of the Preliminary Injunction to a Permanent Injunction is Appropriate*

The Court previously entered a Preliminary Injunction [DE 24], which remains in effect to prevent further infringement of the BESTSKY mark. In connection with the entry of final default judgment, and pursuant to 15 U.S.C. § 1116(a), this Court is authorized to issue a permanent injunction "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office."

District courts in this Circuit routinely convert a previously entered preliminary injunction into a permanent injunction upon entry of final default judgment in Lanham Act cases. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) (internal quotation marks omitted) ("In default cases under the Lanham Act, courts routinely convert a previously entered preliminary injunction into a permanent injunction as part of the final default judgment."); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995).

Because Defaulting Defendants have failed to appear, respond, or otherwise participate in this proceeding, and the record establishes both ongoing infringement and a likelihood of continued harm to Plaintiff's BESTSKY mark absent injunctive relief, Plaintiff respectfully requests that the Court convert the Preliminary Injunction [DE 24] into a Permanent Injunction as part of the Final Default Judgment, permanently enjoining Defaulting Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from further infringing Plaintiff's BESTSKY trademark.

   2.   *Damages as to Count I for Trademark Counterfeit and Infringing*

Congress enacted a statutory damages remedy in trademark counterfeiting cases for the purpose of strengthening "the hand of businesses harmed by counterfeiters by updating existing statutes and providing stronger civil penalties against counterfeiters, including civil fines tied to the value of genuine goods and statutory damage awards of up to $1,000,000 per mark." S. REP. NO. 104-177, pt. I (1995). This bill permitted statutory damages because evidence of a defendant's profits in these cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995). In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark, per type of good. 15 U.S.C. § 1117(c)(1). If the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark, per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

District courts have a wide discretion to set an amount of statutory damages. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*,

902 F.2d 829, 852 (11th Cir. 1990). Therefore, even where a plaintiff may not be able to provide actual damages as a result of a defendant's infringement, an award of statutory damages is an appropriate remedy. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure").

Statutory damages are essential not only when a trademark's goodwill continues to suffer but also when plaintiff cannot access crucial sales data. This is particularly true in cases where discovery is unavailable and information on the defendants' sales and profits remains elusive. Defendants who default by failing to appear or respond to litigation should not be allowed to escape liability simply because they may be avoiding or showing contempt for the judicial process. This makes the application of statutory damages especially pertinent.

In the instant case, Plaintiff detailed investigation into how Defendants have infringed on Plaintiff's trademark by offering for sale, marketing, and advertising BESTSKY products at reduced prices. *See* DE 7-3, ¶¶ 9-15; DE 7-4, 7-5 and 7-6. Furthermore, Plaintiff explains why and how the future and ongoing damage to BESTSKY is immeasurable. *See* DE 7-3, ¶¶19-23. The damage to BESTSKY remains ongoing after the instant suit is closed because "counterfeiters take away Plaintiff's ability to control the nature and quality of the BESTSKY products." *Id*. ¶21. "Loss of quality control over goods offered for sale or sold under the BESTSKY mark and, in turn, loss of control over the brand reputation, is neither calculable nor compensable." *Id*. Thus, Plaintiff has established that Defaulting Defendants have caused immeasurable damages to BESTSKY as a result of the erosion to BESTSKY's goodwill.

"In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 852 (11th Cir. 1990). A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista Records, Inc. v. Beker Enter., Inc*., 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc*., 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

In the instant case, Plaintiff has established that the BESTSKY mark, a well-recognized trademark for various toy products, including infant toys, dolls, toy vehicles, and related items, is sold on the e-commerce site Walmart.com. *See* DE 7-3, ¶6. As evidenced by the materials reviewed by Plaintiff and submitted to this Court, Defaulting Defendants also selected Walmart.com to market, advertise, and sell items branded as "BESTSKY" without Plaintiff's permission. *Id*. ¶¶9, 12-13. Plaintiff has determined that Defendants were not authorized to sell under Plaintiff's mark due to the absence of any licensing agreement with Defaulting Defendants, and because the listings did not suggest the products were engaged in reselling BESTSKY products. *Id*.

Defaulting Defendants, aware of the BESTSKY mark, deliberately chose the same e-commerce platform and offered similar products at significantly reduced prices. *See* DE 7-3, ¶¶9 ,11. This strategic choice likely aimed to confuse consumers and induce them to purchase their inferior counterfeit goods, capitalizing on the goodwill and customer base that Plaintiff has diligently developed. *Id*. ¶22. Given these actions, willfulness can be inferred. The long-term

10

damage to the BESTSKY mark's goodwill is incalculable. Plaintiff respectfully requests that this Court consider these factors in its assessment.

Plaintiff respectfully requests this Court to award the statutory award of damages in the amount of $50,000 per mark per type of goods against each Defaulting Defendant. Plaintiffs in prior cases with similar circumstances have been awarded the statutory award of damages. *See Shenzhen Aifasite Electronic Commerce Co., Ltd. v. The Partnership*, Case No.: 0:23-cv-61018 (S.D.Fla., Roy Altman, Nov. 20, 2023)*; Shenzhen Dejiayun Network Technology Co. Ltd. v. The Partnerships*, Case No.: 1:22-cv-02846 (N.D.Ill., Ronald A. Guzman, Aug. 3, 2022); *Shenzhen Dejiayun Network Technology Co. Ltd. v. The Partnerships*, Case No.: 1:21-cv-04249 (N.D.Ill., J. Sharon Johnson Coleman, Nov. 16, 2021).

The requested award of $50,000 per mark per type of goods in statutory damages against each Defaulting Defendant is both justified and within the statutory limits, aimed at fully compensating the Plaintiff for lost sales and diminished goodwill associated with the BESTSKY brand. Furthermore, this amount is critical in covering the substantial costs incurred in the investigation and legal action against the counterfeiting activities. Such an award not only addresses the financial impact on the Plaintiff but also serves as a strong deterrent against future infringing activities by Defaulting Defendants or others, in line with the objectives set forth under 15 U.S.C. § 1117(c). *See* Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1222 ("statutory damages under § 1117(c) are intended not just for compensation for losses, but also to punish and deter wrongful conduct.").

3.  *Plaintiff's Damages as to Count II for False Designation of Origin*

The Plaintiff's Complaint asserts a cause of action for false designation of origin under §43(a) of the Lanham Act (15 U.S.C. §1125(a)). Consequently, the scope of monetary damages applicable to this case is governed by 15 U.S.C. §1117(c), which outlines the provisions for calculating statutory damages in such instances.

## CONCLUSION

Plaintiff has demonstrated grounds for entry of final default judgment against Defaulting Defendants. Should this Court grant the instant motion, Plaintiff respectfully requests for this Court not to order the case to be closed at this time, as other Defendants remain active.

WHEREFORE, Plaintiff respectfully requests this Court to enter final default judgment against Defaulting Defendants, identified on Schedule A consistent with the proposed orders on Plaintiff's Motion for Final Default Judgment, and to convert the Preliminary Injunction [DE 24] into a Permanent Injunction.


December 8, 2025.                              Respectfully submitted,

                                               /s/ Andrew Palmer
                                               Andrew J. Palmer
                                               Palmer Law Group, P.A.
                                               401 E Las Olas Blvd, Suite 1400
                                               Fort Lauderdale, FL 33301
                                               Phone: 954-771-7050
                                               ajpalmer@palmerlawgroup.com
                                               ***Attorney for Plaintiff***

**Schedule A – Defaulting Defendants for Default Judgment (40 Defendants)**

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|:---:|:---:|:---:|
| 1 | **Dismissed** | **Dismissed** |
| 2 | OJYUDD Co. Ltd | https://www.walmart.com/global/seller/101130109 |
| 3 | ANGOLIO | https://www.walmart.com/global/seller/101116397 |
| 4 | Yinqiang E-commerce Co.Ltd | https://www.walmart.com/global/seller/101184740 |
| 5 | XZhoNGWei | https://www.walmart.com/global/seller/101620037 |
| 6 | MingsiCosmeticsCo., Ltd | https://www.walmart.com/global/seller/101100103 |
| 7 | Learningtoys | https://www.walmart.com/global/seller/101109011 |
| 8 | Niutotem | https://www.walmart.com/global/seller/101139020 |
| 9 | Sugar Technology Co., Ltd | https://www.walmart.com/global/seller/101561776 |
| 10 | **Dismissed** | **Dismissed** |
| 11 | Jhbxhhd | https://www.walmart.com/global/seller/101611825 |
| 12 | Bbyt | https://www.walmart.com/global/seller/101632409 |
| 13 | Xxvnlp | https://www.walmart.com/global/seller/101643862 |
| 14 | **Excepted (Settled)** | **Excepted (Settled)** |
| 15 | Jiayi LLC | https://www.walmart.com/global/seller/101659724 |
| 16 | Chill LLC | https://www.walmart.com/global/seller/101663299 |
| 17 | Suquosor Store | https://www.walmart.com/global/seller/101680363 |
| 18 | Beautty | https://www.walmart.com/global/seller/102479038 |
| 19 | Petals Home | https://www.walmart.com/global/seller/102514908 |
| 20 | VinVinda | https://www.walmart.com/global/seller/102517040 |
| 21 | **Excepted (Settled)** | **Excepted (Settled)** |
| 22 | Davidyy Home Toy Decor | https://www.walmart.com/global/seller/102617561 |
| 23 | **Appeared** | **Appeared** |
| 24 | BausingeToysMall | https://www.walmart.com/global/seller/102633221 |
| 25 | Wakemhoe Home Mall | https://www.walmart.com/global/seller/102633230 |
| 26 | **Dismissed** | **Dismissed** |
| 27 | LENSGES CO.Let | https://www.walmart.com/global/seller/102651363 |
| 28 | Tesla123 | https://www.walmart.com/global/seller/102676183 |
| 29 | turong | https://www.walmart.com/global/seller/102717546 |
| 30 | Zou doD store | https://www.walmart.com/global/seller/102738629 |
| 31 | Fjogn cloth | https://www.walmart.com/global/seller/102738764 |
| 32 | yunshengzhi | https://www.walmart.com/global/seller/102745729 |
| 33 | **Appeared** | **Appeared** |
| 34 | feirunfu | https://www.walmart.com/global/seller/102906623 |
| 35 | Vireli | https://www.walmart.com/global/seller/102751088 |
| 36 | **Excepted (Settled)** | **Excepted (Settled)** |

| 37 | Chunhua Business Co., Ltd. | https://www.walmart.com/global/seller/102760423 |
| 38 | FurAbode | https://www.walmart.com/global/seller/102762878 |
| 39 | Viva Hogar | https://www.walmart.com/global/seller/102763364 |
| 40 | CulinaBloom | https://www.walmart.com/global/seller/102766386 |
| 41 | SAIBIKE | https://www.walmart.com/global/seller/102773800 |
| 42 | BenChengLing | https://www.walmart.com/global/seller/102787541 |
| 43 | Ejos | https://www.walmart.com/global/seller/102792431 |
| 44 | ChangHaiyan | https://www.walmart.com/global/seller/102807225 |
| 45 | tuhan | https://www.walmart.com/global/seller/102812005 |
| 46 | **Excepted (Settled)** | **Excepted (Settled)** |
| 47 | zzhhhjjjs | https://www.walmart.com/global/seller/102827640 |
| 48 | wweiLLn | https://www.walmart.com/global/seller/102827739 |
| 49 | **Dismissed** | **Dismissed** |
| 50 | deelge | https://www.walmart.com/global/seller/102833494 |